DA 10-0492

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 72N

MICHAEL E. SPREADBURY,

      Plaintiff and Appellant,

   v.

ANGELA B. WETZSTEON and GEORGE H. CORN,

      Defendants and Appellees.

APPEAL FROM:     District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV-10-222/3
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Michael E. Spreadbury (Self-Represented), Hamilton, Montana

      For Appellee:

          Michael R. King, Department of Administration, Risk Management &
Tort Defense Division, Helena, Montana

                        Submitted on Briefs:  March 16, 2011

                                    Decided:  April 12, 2011

Filed:

_____
                    Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael Spreadbury appeals the Twenty-First Judicial District Court's order granting summary judgment to Angela Wetzsteon and George Corn. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 In October 2006, Spreadbury was charged with assault. The case was assigned to the Ravalli County Justice Court. Wetzsteon was a third-year law student at the time and was interning for the Ravalli County Attorney's Office under the Montana Supreme Court's Student Practice Rule (the Rule). George Corn was the Ravalli County Attorney who authorized Wetzsteon to handle cases. Wetzsteon was approved to represent Ravalli County in the prosecution of Spreadbury.

¶4 On January 5, 2007, Spreadbury entered a not guilty plea in Justice Court. He was released on his own recognizance but was expressly required to appear in court for subsequent proceedings. Spreadbury's trial was scheduled for July 31, 2007. On July 30, the Ravalli County deputy county attorney moved for a continuance on the ground the victim was unable to appear at the July 31 trial. Spreadbury's counsel was invited to respond to the motion but declined. The Justice Court first denied the motion but after reviewing the county attorney's motion to reconsider, granted it. Trial was set for August

2

8, 2007. Spreadbury's counsel was again contacted and notified of the August 8 trial date and said that "will work."

¶5 On August 6, 2007, Spreadbury's counsel filed a motion to dismiss the charge on the grounds that Spreadbury had not received a speedy trial and on discovery issues. The judge denied the motion. Spreadbury's counsel appeared at the August 8 trial but Spreadbury did not. He was found guilty in absentia. The judge issued a bench warrant for his arrest. On August 16, he was arrested and taken into custody. Spreadbury was sentenced to 30 days in jail and fines and costs totaling approximately $1,100.

¶6 On August 22, Spreadbury appealed his conviction to the Twenty-First Judicial District Court. On November 26, 2007, Spreadbury moved to dismiss his assault charge on the ground that he had been denied a speedy trial. The District Court granted the motion on January 22, 2008. On April 26, 2010, Spreadbury filed this civil action against Wetzsteon and her supervisor, Corn, seeking compensatory and punitive damages. On May 24, 2010, Wetzsteon and Corn moved for summary judgment. On August 25, 2010, the District Court granted Wetzsteon and Corn's motion.

## ISSUE

¶7 A restatement of the issue on appeal is whether the District Court erred in granting Wetzsteon and Corn's motion for summary judgment.

## STANDARD OF REVIEW

¶8 On appeal from a district court's grant of summary judgment, our standard of review is de novo, and we apply the criteria set forth in M. R. Civ. P. 56. "Summary judgment is appropriate only when there is no genuine issue of material fact, and the

3

moving party is entitled to judgment as a matter of law." *Ehrman v. Kaufman*, 2010 MT 284, ¶ 10, 358 Mont. 519, 246 P.3d 1048 (citations omitted).

## DISCUSSION

¶9　Spreadbury asserts on appeal that summary judgment was inappropriate because (1) an unlicensed law student may not act as a lawyer in a criminal proceeding; (2) prosecutorial immunity is not available to the law student and her supervisor; (3) the District Court erred in ignoring his claim of criminal contempt based on Wetzsteon's violation of the Student Practice Rule; and (4) Corn, as Wetzsteon's supervisor, was personally liable under the Student Practice Rule in the event Wetzsteon is found to be in violation of the Rule.

¶10　In granting Wetzsteon and Corn's motion for summary judgment, the District Court, without analysis, concluded Wetzsteon and Corn had prosecutorial immunity from all of the claims raised by Spreadbury. The court further concluded that Spreadbury presented no facts creating a material question; rather, he merely set forth speculative and conclusory statements. As such, the District Court ruled Wetzsteon and Corn were entitled to summary judgment as a matter of law. The court dismissed Spreadbury's complaint with prejudice.

¶11　Reviewing the record in this case and the relevant provisions of the Student Practice Rule, we conclude neither Wetzsteon nor Corn violated the Rule. Additionally, had Wetzsteon or Corn failed to strictly comply with the Rule, Spreadbury has presented no legal authority to support his argument that such lack of compliance deprives a student prosecutor or the supervising prosecutor of prosecutorial immunity. Lastly, and again

4

assuming arguendo that Wetzsteon and Corn were not in strict compliance with the Rule, Spreadbury has failed to demonstrate how such lack of compliance could have proximately caused any of the injuries and damages he claims.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶13 We affirm the judgment of the District Court.


/S/ PATRICIA COTTER


We concur:

/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ BETH BAKER
/S/ MICHAEL E WHEAT